UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LAMICAH FLOYD, individually and on behalf of those similarly situated.** | : : : | **CASE NO:** |
| **Plaintiffs,** | : : | |
| v. | : : | **JUDGE:** |
| **ASSESS HOMECARE SOLUTIONS, LLC,** | : : : : | |
| and | : : | |
| **AFINITY HEALTHCARE SOLUTIONS, LLC,** | : : : : | **PLAINTIFF'S COMPLAINT** |
| **Defendants.** | : | |

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Plaintiff Lamicah Floyd, on behalf of herself and all others similarly situated, to recover compensation from Defendants Assess Homecare Solutions, LLC ("Assess") and Affinity Healthcare Solutions, LLC ("Affinity") (collectively, "Defendants").

2. Defendants have employed numerous employees who have not been properly paid for all hours worked in excess of forty hours per work week.

3. Plaintiff brings this action as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* to address Defendants' systemic and deliberate failure to pay overtime compensation to employees as required by law.

1

## PARTIES

4. Plaintiff Lamicah Floyd is an hourly employee of Defendants and a resident of this judicial district.

5. Plaintiff brings this action on behalf of herself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendants during the relevant statutory period and have not been properly paid for the overtime work they have performed.

6. Defendant Assess Homecare Solutions, LLC is a Domestic Limited Liability Company with its principal place of business located in this judicial district.

7. Defendant Afinity Healthcare Solutions, LLC is a Domestic Limited Liability Company with its principal place of business located in this judicial district.

8. Defendants subjected Plaintiff and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## FACTUAL ALLEGATIONS

9. Defendant Assess Homecare Solutions, LLC is a home health care agency that provides domiciliary care.

10. Defendant Afinity Healthcare Solutions, LLC is a home health care agency that provides domiciliary care.

11. Upon information and belief, Defendants maintain interrelated operations through common record keeping, shared bank accounts, and shared equipment.

12. Upon information and belief, Defendants share common management, ownership, and/or financial control.

13. Upon information and belief, Defendants share centralized control of personnel.

14. Furthermore, upon information and belief, Defendants have an arrangement to share the services of their employees, act in the interest of the other Defendant in relation to the employees, and/or one Defendant is under the control of the other.

15. Plaintiff's basis for the abovementioned beliefs is grounded in the following facts:

    A. Plaintiff works 91 hours per week for Defendants;

    B. Despite providing care to one patient/client, she receives two paychecks each pay period, one from Affinity and the other from Assess.

    C. These paychecks divide Plaintiff's hours worked equally between the Defendants, who each compensate Plaintiff at her regular rate of pay for 40 hours, and then pay overtime.

16. Defendants are joint employers under the FLSA.

17. Defendants are a single employer/integrated enterprise under the FLSA.

18. For an as of yet unknown period of time, Defendants have employed numerous employees who worked in excess of forty hours per week under an arrangement similar to Plaintiff.

19. Defendants calculate and pay Plaintiff's overtime improperly.

20. Under the FLSA, any hours worked in excess of 40 hours per workweek must be paid at one-and-one-half times the employee's regular hourly rate.

21. Plaintiff's combined hours of work for Defendants routinely exceeds 40 hours each week, yet Plaintiff is not paid all overtime wages owed based on the correct calculation. Instead, Defendants jointly and purposefully underpay Plaintiff.

22. Plaintiff should receive overtime pay for all hours worked over 40 in a work week, not for all hours worked over 80 on a bi-weekly basis.

23. Defendants issue separate paychecks to Plaintiff for the sole purpose of obscuring the true number of hours worked and avoiding their overtime obligations under the FLSA.

24. This deliberate use of two separate entities to underpay employees is a cost-saving mechanism designed to reduce labor costs and evade legal accountability.

25. Upon information and belief, Defendants employ hourly workers in various tasks and roles, and fail to pay the required overtime to them for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff files this action on behalf of herself and all similarly situated individuals for the recovery of unpaid overtime wages.  The proposed FLSA collective is defined as follows:

    All persons who provided home healthcare services on behalf of Defendants, individually, jointly, and/or as a single employer/integrated enterprise in the past three years and who worked in excess of 40 hours in any workweek, and who were not paid the full one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective").

30. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). The opt-in form is attached hereto as **Exhibit A**.

31. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

32. During the applicable statutory period, Plaintiff and the putative collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

33. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their non-exempt employees the full overtime compensation

the FLSA Collective were entitled to when Defendants were fully aware these employees were working overtime hours, and by deliberately devising a scheme to avoid the overtime obligation. Specifically, Defendants have adopted and implemented compensation policies and practices designed to unlawfully underpay wages due for work performed in excess of 40 hours per workweek in order to eliminate their overtime liability and/or outright avoid paying overtime to hourly employees.

34. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On behalf of Plaintiff and the FLSA Collective)**

35. Plaintiff and the FLSA Overtime Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

36. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

37. Defendants permitted the Plaintiff and the FLSA Collective to work more than 40 hours in a workweek without paying the full overtime compensation.

5

38. Because Defendants improperly calculated the amount of overtime due, Plaintiff and the FLSA Collective were not properly compensated for the overtime work performed.

39. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

40. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, prays for judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiff and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Judgment against Defendants for violation of the overtime provisions of the FLSA;

3. Judgment that Defendants' violations of the FLSA were willful;

4. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

5. An award of post-judgment interest;

6. An award of reasonable attorneys' fees and costs;

7. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

>*/s/ Matthew S. Okiishi*
>Matthew S. Okiishi (0096706)
>Finney Law Firm, LLC
>4270 Ivy Pointe Blvd., Suite 225
>Cincinnati, Ohio 45245
>(513) 943-6650
>(513) 943-6669-fax
>matt@finneylawfirm.com
>Attorney for Plaintiffs

**CONSENT TO JOIN COLLECTIVE ACTION**
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I am/was employed at Assess Homecare Solutions, LLC and Affinity Healthcare Solutions, LLC as an employee.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in the collective action brought in the United States District Court for the Southern District of Ohio entitled *Lamicah Floyd, et al. v. Assess Homecare Solutions, LLC, et al.* to recover unpaid overtime wages and other sums owing to me and to other, similarly-situated employees under the Fair Labor Standards Act [29 U.S.C. §§ 201-219]. I hereby authorize FINNEY LAW FIRM to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.



Date Signed: 1/15/25
Signature: Lamicah Floyd
Print Name: Lamicah Floyd
Address: 1338 Cherr hill
City: micah [Cincinnati]
State: [OH]
Zip: 45342
Telephone Number: 9373445573
E-Mail Address: mika21(

To join the collective action for FLSA claims, you must complete this consent form, sign your name where indicated, and either file it directly with the Court or send it to Plaintiffs' counsel at the following address:

FINNEY LAW FIRM
c/o Matthew S. Okiishi
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245